IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATE OF AMERICA, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 5:12-CV-169 (CAR) |
| $90,000.00 IN UNITED STATES | : | |
| FUNDS, | : | |
|     Defendant Property. | : | |
| | : | |
| | : | |
| DAVID P. SMAR, | : | |
|     Claimant. | : | |
| _____ | : | |

### ORDER ON CLAIMANT'S MOTION TO DISMISS

Before the Court is Claimant David P. Smar's Motion to Dismiss [Doc. 10] for failure to state a claim upon which relief may be granted. Having considered the matter and the applicable law, the Court concludes that the Government has stated a claim upon which relief may be granted, and thus, Claimant's Motion to Dismiss [Doc. 10] is **DENIED**.

### BACKGROUND

The Government initiated this civil forfeiture action on May 11, 2012, by filing a Verified Complaint for Forfeiture against assets that allegedly constitute money furnished or intended to be furnished in exchange for a controlled substance pursuant

1

to 21 U.S.C. § 881(a)(6).  On June 19, 2012, Claimant David P. Smar filed a claim to the funds, asserting that the funds were lawfully obtained.  On August 10, 2012, Claimant filed the current Motion to Dismiss. On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint.[1]

The Verified Complaint for Forfeiture in this case alleges the following: (1) On October 27, 2011, two officers with the Dooly County Sheriff's Office stopped a vehicle driven by Thomas Merced, in which Merced's daughter was a passenger; (2) that one of the officers detected an odor of alcohol coming from inside the vehicle; (3) that Merced informed the officer that the vehicle belonged to a friend; (4) that Merced's hand was shaking when he handed the officer his Indiana driver's license, that his eyes appeared glassy, and that he appeared to have been up for a while; (5) that the registered owner of the vehicle was Robert Mount, who was not present for the traffic stop; (6) that Merced told the officer that he had previously been in Kissimmee, Florida for a week with his daughter; (7) that Merced appeared nervous, fidgety, and was constantly licking his lips; (8) that the vehicle's windows were tinted in violation of Georgia law, which was the purported basis for stopping Merced's vehicle; (9) that Merced told the officer that he had insured his friend Robert Mount's vehicle because Mount had purchased the vehicle only a couple of weeks prior, and Merced had

---

[1] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

insured the vehicle for his trip; (10) that, upon questioning from the officer, Merced's daughter stated she was not from Florida; (11) that the officer asked for and received consent to search the vehicle; (12) that, during the search of the vehicle, the officer encountered a piece of tin foil with a yellow bag containing black balls saturated in tequila, which Merced stated were part of his religion; (13) that, during the search of the vehicle, the officer also observed panels from the car that had been improperly reattached to the vehicle; (14) that, when asked about the panels, Merced stated that the vehicle did not belong to him; (15) that a police canine gave a positive alert to the driver's side rear fender well; (16) that, while searching the trunk, the officer found a black sweat shirt with a large plastic black bag containing $90,000 in U.S. currency, inside the spare tire well in the trunk of the vehicle; (17) that, when the officer asked about the money, Merced indicated that he did not know anything about the money; (18) that, when Merced was interviewed by an investigator at the Dooly County Sheriff's Office, Merced again informed the officers that he had no knowledge of the currency in the trunk of the vehicle; (19) that a canine sniff at the Dooly County Sheriff's Office resulted in a positive alert; and (20) that Merced was indicted for narcotics-related offenses by a grand jury in the United States District Court for the Northern District of Illinois on December 15, 2010, to which he pled guilty on April 2, 2012.

Based upon these factual allegations, the Government asserts that the currency is subject to forfeiture under the Controlled Substances Act.  Claimant has filed the current Motion to Dismiss arguing the Complaint fails to state a claim upon which relief may be granted.

## LEGAL STANDARD

To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain specific factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[2]  A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[3]  The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[4]

Here, the traditional pleading rules are modified by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Rules"), which, along with the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983, set out requirements specific to civil

---

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).
[3] *Id.*
[4] *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

forfeiture actions.[5] The Supplemental Rules require that the complaint "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definitely statement, to commence an investigation of the facts and to frame a responsive pleading."[6] Courts are to evaluate the sufficiency of a complaint under standards established by Rule G(2) of the Supplemental Rules.[7] Supplemental Rule G(2) requires that the complaint:

(a) be verified;

(b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue;

(c) describe the property with reasonable particularity;

(d) if the property is tangible, state its location when any seizure occurred, and – if different – its location when the action is filed;

(e) identify the statute under which the forfeiture action is brought; and

(f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.[8]

At the trial of a civil forfeiture case, the Government must prove by a preponderance of the evidence that the property is subject to forfeiture.[9] Thus, "the

---

[5] Supp. R. G(1).
[6] Supp. R. E(2)(a).
[7] 18 U.S.C. § 983(a)(3)(A); Supp. R. G(8)(b)(ii).
[8] Supp. R. G(2).

complaint must at bottom allege facts sufficient to support a reasonable belief that the property is subject to forfeiture."[10]  Having moved pursuant to 21 U.S.C. § 881(a)(6) in this case, the Government must show at trial by a preponderance of evidence that the seized money is subject to forfeiture because it was furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act or that the money was proceeds traceable to such an exchange.[11]  Thus, the Complaint here must allege facts sufficient to support a reasonable belief that the cash was furnished or intended to be furnished in exchange for a controlled substance or traceable to such an exchange.

## DISCUSSION

Pursuant to the standards set forth above, the Court finds the Government's Complaint in this case is sufficient to withstand Claimant's Motion to Dismiss.  The Government has provided sufficient information as to the allegations of the seizure to allow Claimant to commence an investigation of the facts and to frame a responsive pleading without moving for a more definite statement.[12]  The Government alleges in the Complaint that the cash was contained in a large black plastic bag, wrapped in a black sweatshirt, located in the trunk's spare tire well, and was from the sale of or for

---

[9] 18 U.S.C. § 983(c)(1).
[10] *Mondragon*, 313 F.3d at 865-66.
[11] 18 U.S.C. § 881(a)(6).
[12] *See* Supp. R. G(2)(a).

6

the purchase of illegal drugs. While the presence of large quantities of oddly-packaged cash, without more, does not suggest a connection to drug activity,[13] here the Government also alleges that a canine sniff resulted in a positive alert, and the driver of the vehicle had been indicted for a narcotics-related offense in December 2010, and pled guilty to a narcotics-related offense in April 2012. That the Claimant was not the driver of the vehicle is of no consequence. A civil forfeiture action is a proceeding *in rem* and operates under the legal fiction that objects and property can be guilty of wrongdoing, making any actual guilt related to the owner irrelevant.[14] The Government is not required to set forth off the facts necessary to prove that the property is subject to forfeiture. The Government is required to set forth allegations sufficient to support a reasonable belief that the Government can prove its burden at trial; the Government has met this standard.

Claimant's arguments that the Complaint should be dismissed due to (1) the Government's alleged failure to establish probable cause, (2) the Government's alleged failure to establish a substantial connection to illegal activity, and (3) because the Claimant is an innocent owner have no bearing to whether the complaint is sufficient to withstand a motion to dismiss and are improper arguments to raise on a motion to dismiss. The standard at the motion to dismiss stage is whether the complaint satisfies

---

[13] *See, e.g., Mondragon*, 313 F.3d at 866.
[14] *See United States v. U.S. Coin and Currency*, 401 U.S. 715, 719 (1971).

the requirements of Supplemental Rule E(2)(a).  A challenge to whether the officer had probable cause to seize the funds cannot be resolved on the face of the complaint, in the context of a motion to dismiss.  If Claimant wishes to challenge probable cause, he must file a motion to suppress under Supplemental Rule G(8)(a), not a motion to dismiss filed pursuant to Supplemental Rule G(8)(b).[15]

As to substantial connection, the Government is not required to establish a substantial connection between the property and criminal activity in the complaint, at the initial pleading stage—that is the Government's ultimate burden at trial.  Section 983(a)(3)(D) makes clear that "[n]o complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property."[16]  Indeed, section 983(c)(2) allows the Government to use evidence acquired after the filing of the complaint to prove its case at trial.  Thus, when filing a complaint, while the Government is required to plead sufficient facts to support a reasonable belief that the property is subject to forfeiture, it is not required to prove its case.[17]

---

[15] *See United States v. $172,760.000 in U.S. Funds*, No. 7:06-CV-51 (HL), 2007 WL 4224932, at *2 (M.D. Ga. Nov. 27, 2007).

[16] 18 U.S.C. § 983(a)(3)(D)

[17] *See United States v. $200,255.00 in U.S. Currency*, No. 7:05-CV-27 (HL), 2006 WL 1687774, at *7-9 (M.D. Ga. June 16, 2006).

Turning finally to Claimant's argument that that the Complaint should be dismissed because he is an innocent owner, the question of whether a claimant has sufficiently proven an innocent owner defense "is a question of fact to be determined by the fact finder."[18] Thus, whether or not Claimant is an innocent owner must be addressed at trial and has no bearing on whether the complaint is sufficient to survive a motion to dismiss.

## CONCLUSION

Based on the foregoing, the Court concludes the Government has stated a claim upon which relief may be granted. Accordingly, Claimant's Motion to Dismiss [Doc. 10] is **DENIED**.

**SO ORDERED,** this 23rd day of October, 2012.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SSH

---

[18] *United States v. One Parcel of Real Estate at 1012 Germantown Rd.*, 963 F.2d 1496, 1501 (11th Cir. 1992).